IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| RAYTHEON AIRCRAFT COMPANY,<br><br>        Plaintiff,<br><br>vs.<br><br>JET COMPANY, S.A.,<br><br>        Defendant. | Case No. 04-1211-JTM |

**MEMORANDUM AND ORDER**

      This matter comes before the court on the defendant's second Motion to Dismiss (Dkt. No. 9) and plaintiff's Motion for a Permanent Injunction Enjoining Arbitration (Dkt. No. 15). The court issued an order on December 20, 2004 (Dkt. No. 8) finding that the arbitration agreement in the contract for sale of the airplane did not cover subsequent tort actions. In reviewing the complaint and plaintiff's arguments in the present motions, the court amends its earlier order and sends plaintiff's claims in this action to arbitration.

      In bringing its complaint seeking declaratory judgment, plaintiff noted that defendant sought refund of the purchase price of the aircraft because of an alleged defect in the lift dump and braking system. Complaint ¶ 6. Raytheon alleges that pilot error caused the crash that is the subject of this action. Complaint ¶ 5-6. Plaintiff characterized the dispute as relating to the "rights under the contract that was entered into on the aircraft and the damages caused by the runway excursion on February 20, 2004." Complaint ¶ 7. The declaratory relief Raytheon

requests is for the court to find that it had not breached the contract, that defendant was not entitled to a refund, and that the aircraft was not defective. This type of relief relates directly to the purchase, sale and delivery of the aircraft. While the arbitration agreement was not designed to govern tort actions subsequent to the sale and delivery of the aircraft, Raytheon is asking for a determination of its contractual rights under the Aircraft Purchase Agreement for breach of contract and for breach of warranties and representation Raytheon made in relation to the sale of its aircraft. These actions may be properly sent to arbitration under the sales agreement.

Plaintiff argues that defendant has taken inconsistent positions in its two motions to dismiss. The court does not find this to be the case. Defendant initially argued that this case sounded in contract while plaintiff argued that it sounded in tort. In the second motion, defendant argues that if this case sounds in tort, then there is no case or controversy between the parties because defendant has only demanded the purchase price under the contract. The court does not find these to be inconsistent positions. However, since the court has amended its earlier order, it does not reach the substance of defendant's and plaintiff's arguments in the second Motion to Dismiss and the Motion for a Permanent Injunction.

IT IS ACCORDINGLY ORDERED this 21st day of June, 2005, that the court finds as moot defendant's second Motion to Dismiss (Dkt. No. 9) and plaintiff's Motion for a Permanent Injunction Enjoining Arbitration (Dkt. No. 15).

IT IS FURTHER ORDERED that the court amends its December 20, 2004 order (Dkt. No. 8) and dismisses the declaratory judgment action pursuant to the mandatory arbitration provision in the subject contract.

s/ J. Thomas Marten  
J. THOMAS MARTEN, JUDGE